**UNITED STATES of America,**

**v.**

**Horace BUSH, a/k/a "Alvin Bush," Defendant.**

**Crim. No. 91–69–NN–2.**

United States District Court, E.D. Virginia, Newport News Division.

March 2, 1993.

---

Cathy E. Krinick, Sp. Asst. U.S. Atty., c/o Peninsula Association of Commonwealth's Attys., Hampton, VA, for U.S.

Terry N. Grinnalds, Hampton, VA, for defendant.

## MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendant's motion for a reduction in the term of imprisonment to which he was sentenced. For the reasons set forth below, the court DENIES defendant's motion.

### I. Procedural History

On December 4, 1991, the court accepted defendant's plea of guilty to counts one and nine of the indictment returned against him on October 1, 1991. On March 30, 1992, following the preparation and review of a presentence report, the court sentenced defendant to a term of imprisonment of one hundred sixty-eight (168) months on count one for conspiracy to distribute cocaine, and sixty (60) months on count nine for unauthorized use of food coupons, the terms of imprisonment to run concurrently. Proceeding under Federal Rule of Criminal Procedure 35(c), the court resentenced defendant on April 6, 1992, to a term of imprisonment of one hundred thirty (130) months on count one. The concurrent sentence on count nine remained unchanged.

On both defendant's original sentencing and resentencing, in calculating defendant's guideline sentencing range, the court allowed defendant a two-point offense level reduction for acceptance of responsibility under United States Sentencing Commission, *Guidelines Manual,* § 3E1.1 (Nov.1991) (current version at U.S.S.G. § 3E1.1 (Nov.1992)), as that provision then read.

On February 8, 1993, defendant, proceeding *pro se,* filed a motion for a reduction of sentence. Defendant bases his motion on the amendment of U.S.S.G. § 3E1.1, which became effective November 1, 1992.

### II. Defendant's Motion for a Reduction in the Term of his Imprisonment

#### A. *U.S.S.G. § 3E1.1*

On March 30, 1992, the date of defendant's original sentencing, and on April 6, 1992, the date of his resentencing, U.S.S.G. § 3E1.1 read in pertinent part as follows: "(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels." U.S.S.G. § 3E1.1(a) (Nov. 1991).

Effective November 1, 1992, section 3E1.1 was amended to read as follows:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level. U.S.S.G. § 3E1.1 (Nov.1992).

#### B. *18 U.S.C. § 3553*

In determining the sentence to impose on a convicted criminal defendant, the court must consider

the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C.

994(a)(1) *and that are in effect on the date the defendant is sentenced* . . . .

18 U.S.C. § 3553(a)(4) (emphasis added).

### C. *18 U.S.C. § 3582*

■ In the case of a defendant whom the court has sentenced to a term of imprisonment based on a sentencing range that the Sentencing Commission subsequently has lowered pursuant to 28 U.S.C. § 994(*o* )[1] the court may reduce the term of imprisonment imposed, after considering the sentencing factors set forth in 18 U.S.C. § 3553(a),[2] to the extent they apply, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

### D. *U.S.S.G. § 1B1.10 (policy statement)*

The Sentencing Commission has issued an applicable policy statement that reads in pertinent part:

(a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) [of this section, U.S.S.G. § 1B1.10], a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (d) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement.

.     .     .     .     .

(d) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 379, 380, 433, and 461.

U.S.S.G. § 1B1.10, p.s.

### E. *Analysis*

■ In determining defendant's total offense level to calculate his guideline sentencing range at defendant's sentencing on March 30, 1992, and at his resentencing on April 6, 1992, the court properly referenced

the version of U.S.S.G. § 3E1.1 then effective. *See* 18 U.S.C. § 3553(a)(4).

Section 3E1.1 was amended effective November 1, 1992. The amendment allows an additional one-point offense level reduction for acceptance of responsibility if certain requirements are met. U.S.S.G.App.C. at 283 (Nov.1992); U.S.S.G. § 3E1.1 (Nov.1992).

Even assuming that defendant is one whom the court has sentenced to a term of imprisonment based on a sentencing range that the Sentencing Commission subsequently has lowered pursuant to 28 U.S.C. § 994(*o* ), the court may reduce the term of imprisonment imposed on defendant, only after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they apply, *and only if* such reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2).

The applicable policy statement then provides that the court may consider reducing the term of imprisonment imposed on defendant, only if the Sentencing Commission lowered the guideline range applied to defendant through the operation of an amendment specifically enumerated in that policy statement. U.S.S.G. § 1B1.10(a), p.s. The court applied U.S.S.G. § 3E1.1 in determining defendant's guideline range for sentencing in March, 1992, and resentencing in April, 1992. The Sentencing Commission, allowing for a further reduced guideline range, revised section 3E1.1 effective November 1, 1992, by way of amendment 459. U.S.S.G.App.C. at 281–83. The Sentencing Commission omitted amendment 459, however, from the list of amendments covered by the applicable policy statement. U.S.S.G. § 1B1.10(d), p.s.

Thus, the court cannot, consistently with U.S.S.G. § 1B1.10 and 18 U.S.C. § 3582(c)(2), reduce, on the basis of the Sentencing Commission's amendment of U.S.S.G. § 3E1.1 effective November 1, 1992, the term of imprisonment to which it resentenced defendant on April 6, 1992. The court, therefore, DENIES defendant's motion for a re-

---

1. This section requires periodic review and warranted revisions of the guidelines by the Sentencing Commission.

2. These are the overall factors appropriate for the imposition of any sentence.

duction in the term of imprisonment to which he was sentenced.

The Clerk is directed to send a copy of this Order to defendant; to defendant's trial counsel, Terry Noland Grinnalds; to Special Assistant United States Attorney Cathy E. Krinick; and to the Bureau of Prisons.

It is so ORDERED.